OPINION
Defendant-appellant Robert Elliott appeals from an order classifying him as a sexual predator, pursuant to R.C. Chapter 2950. Elliott argues that R.C. Chapter 2950 violates the constitutional prohibitions against cruel and unusual punishment, double jeopardy, impermissibly vague laws, and ex post facto laws contained in the United States or Ohio constitutions. Elliott also asserts that R.C. Chapter 2950 is an unreasonable exercise of the police power, and denies convicted sex offenders the equal protection of the law in violation of Sections 1 and 2, Article I
of the Ohio Constitution. Elliott further contends that his trial counsel provided him with constitutionally ineffective assistance of counsel by failing to raise all but one of the above arguments at the hearing held to determine his sexual predator status.
Pursuant to our decision in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported, we conclude that R.C. Chapter 2950 does not violate the constitutional provisions listed above. Consequently, Elliott's trial counsel did not provide constitutionally ineffective assistance of counsel by failing to raise those arguments at the hearing held to determine Elliott's sexual predator status. However, pursuant to White, supra, we conclude that the provision in R.C. 2950.09(B)(2) requiring a trial judge to consider certain factors in making the finding of fact whether a sexual offender is likely to re-offend encroaches upon the judicial power in violation of the separation of powers implicit in the Ohio Constitution. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded
for proceedings consistent with this opinion.
 I
In 1983, Elliott was convicted of three counts of attempted rape, and was sentenced to three concurrent terms of five to fifteen years imprisonment. In July, 1998, the State of Ohio petitioned for a determination of Elliott' sexual predator status, pursuant to R.C. Chapter 2950. A hearing on the State's petition was held on July 20, 1998. At the hearing, Elliott's counsel objected to the proceedings on the grounds that R.C. Chapter 2950 violated the Ex Post Facto and Equal Protection Clauses of the United States Constitution. The trial court overruled Elliott's constitutional objections, and found that the State had established, by clear and convincing evidence, that Elliott was a sexual predator. The trial court ordered Elliott to register in person with the sheriff of the county in which he establishes residency within seven days of his arrival in the county, and to verify his address, thereafter, every 90 days during his lifetime.
Elliott appeals from the trial court's order determining him to be a sexual predator.
 II
Before addressing Elliott's assignments of error, we must first dispose of Elliott's Motion to File Supplemental Assignment of Error and Amended Assignment of Error, wherein Elliott sought to raise the claims that R.C. Chapter 2950 was unconstitutional under Sections 1 and 2 of the Ohio Constitution. Elliott's motion is identical to one that was filed in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported. Indeed, the assignments of error raised on Elliott's behalf in this case are identical to the ones raised on the appellant's behalf in White.
Elliott and the appellant in White are both represented by the Ohio Public Defender's Office. We granted the motion in White,
and the Ohio Public Defender's Office filed a supplemental brief, containing a Sixth Assignment of Error, and an Amended Fifth Assignment of Error. Consequently, we shall grant Elliott's motion, and treat the supplemental brief filed in White, as if it had also been filed in this case.
 III
Elliott's first six assignments of error state as follows:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING ROBERT ELLIOTT A SEXUAL PREDATOR BECAUSE THE REGISTRATION PROVISIONS OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE I OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN LABELING ROBERT ELLIOT A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL AS APPLIED TO MR. ELLIOTT, WHOSE OFFENSES WERE COMMITTED BEFORE THE EFFECTIVE DATE OF THE AMENDMENTS. THE LAW'S RETROACTIVE APPLICATION VIOLATES THE EX POST FACTO
CLAUSE OF THE UNITED STATES CONSTITUTION.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING ROBERT ELLIOT A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 AND AS APPLIED TO MR. ELLIOTT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 IV. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING ROBERT ELLIOTT A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. 2950.09(B)(2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 V. ROBERT ELLIOTT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT SECURED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10
AND 16, ARTICLE I OF THE OHIO CONSTITUTION, WHEN COUNSEL FAILED TO RAISE ISSUES AT MR. ELLIOTT'S SEXUAL PREDATOR HEARING THAT WOULD HAVE CHANGED THE OUTCOME OF THE HEARING, HAD THE TRIAL COURT APPLIED THE APPROPRIATE STANDARDS.
 VI. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING HARVEY WHITE A SEXUAL PREDATOR BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL IN ITS ENTIRETY IN VIOLATION OF SECTION 1 AND 2, ARTICLE 1 OF THE OHIO CONSTITUTION.
In White, supra, we held that because R.C. 2950 is not a punishment, but rather a remedial measure designed to ensure public safety, it does not violate the prohibitions against cruel and unusual punishment, double jeopardy, or ex post facto laws contained in the United States or Ohio constitutions. We also held in White that the factors set forth in R.C. 2950.09(B)(2) are not impermissibly vague in violation of the Due Process Clauses of the United States or Ohio constitutions. We further held in White
that R.C. 2950 is not an unreasonable exercise of the police power, nor does it deny sex offenders equal protection of the law, in violation of Sections 1 and 2, Article 1, of the Ohio Constitution.
Elliott's first four assignments of error and his sixth assignment of error raise the same constitutional arguments that were raised and rejected in White. We reject them here for the same reasons stated in that opinion. In his fifth assignment of error, Elliott argues that his trial counsel provided him with constitutionally ineffective assistance of counsel by failing to raise the arguments listed in his first, second, third, fourth, and sixth assignments of error. Because we have rejected those arguments, Elliott was not prejudiced by his trial counsel's failure to raise them; therefore, he cannot prevail on his ineffective assistance claim. See Strickland v. Washington
(1984), 466 U.S. 668, 687.
Accordingly, Elliott's First, Second, Third, Fourth, Fifth, and Sixth Assignments of Error are overruled.
 IV
There is one additional assignment of error we need to address in the instant appeal:
 VII. THE TRIAL COURT COMMITTED PLAIN ERROR IN LABELING THE DEFENDANT-APPELLANT A SEXUAL PREDATOR BECAUSE R.C. 2950.09(B)(2) WHICH PRESCRIBES FACTORS FOR THE TRIAL COURT TO CONSIDER IN ADJUDICATING THE QUESTIONS OF FACT WHETHER AN OFFENDER IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES ENCROACHES UPON THE JUDICIAL POWER, IN VIOLATION OF THE SEPARATION OF POWERS IMPLICIT IN THE OHIO CONSTITUTION.
Although Elliott, who is represented by the Ohio Public Defender's Office, has not actually raised this assignment of error, the Ohio Public Defender's Office did raise this assignment of error inWhite, supra, in response to our request that the parties brief the issue of "whether the provisions in R.C. 2950.09(B)(2) prescribing factors for the trial court to consider in adjudicating the question of fact whether an offender is likely to engage in the future in one or more sexually oriented offenses encroaches upon the judicial power, in violation of the separation of powers implicit in the Ohio Constitution." White, supra.
Because Elliott and the defendant-appellant in White, are similarly situated, we shall treat the supplemental assignment of error regarding the separation of powers issue, raised in White, as if it had been raised here.
In White, supra, we held that the provision in R.C.2950.09(B)(2) requiring a trial judge to consider certain factors in making the finding of fact whether a sexual offender is likely to re-offend, encroaches upon the judicial power in violation of the separation of powers implicit in the Ohio Constitution, because the adjudication of disputed facts is a core function of the judicial branch, and, therefore, the General Assembly may not impose upon the judicial branch its determination of what evidence is relevant to that factual determination. Nevertheless, we also held that the separation of powers violation in R.C. 2950.09(B)(2) did not "affect the otherwise valid and proper finding that R.C.2950.09(A) requires the court to make, which is whether a defendant is a "sexual predator" and thus subject to the registration and report requirements which the statute imposes." We concluded as follows:
 [T]he purpose underlying R.C. 2950.01, et al., can be served by severing the factors set forth in R.C. 2950.09(B)(2) from the rest of the statute, and enforcing the statute minus the prescribed factors. This may be accomplished without mandating that trial courts consider certain factors in making the requisite finding of fact. Consequently, we only find the mandated consideration of factors to be unconstitutional, not the balance of the statute. White, supra.
Pursuant to our decision in White, the trial court's decision to classify Elliott as a sexual predator is reversed. Upon remand, the trial court shall redetermine whether Elliott is a sexual predator, as defined in R.C. 2950.01(E), without being required to consider any of the factors set forth in R.C. 2950.09(B)(2). The trial court may consider any of the factors set forth in the statute, together with any other factors it may deem relevant. The trial court is not required to hold a new hearing.
Elliott's Seventh Assignment of Error is sustained to the extent indicated.
 V
Elliott's Seventh Assignment of Error having been sustained to the extent indicated, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for proceedings consistent with this opinion.
FAIN, J., concurs.
BROGAN, J., dissenting in part and concurring in part for the reasons I expressed in State v. White, supra.
Copies mailed to:
James D. Bennett, David H. Bodiker, Thomas R. Wetterer, Jr., Hon. Robert Lindeman.